**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

JANET FOISIE,

       *Plaintiff*,

v.                                       Case No. 2:19-cv-14143-RLR

PATRICIA A. BISS, WORCESTER
POLYTECHNIC INSTITUTE, and
THE UNKNOWN REPRESENTATIVE
OF THE ESTATE OF ROBERT A. FOISIE,

       *Defendants*.

_____/

**<u>WORCESTER POLYTECHNIC INSTITUTE'S</u>**
**<u>REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS COMPLAINT</u>**

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ...................................................................................................... 1

ARGUMENT .............................................................................................................. 3

I.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF LACKS
     STANDING TO RAISE FRAUDULENT CONVEYANCE CLAIMS............................ 3

II.  PLAINTIFF DOES NOT ADEQUATELY PLEAD THE ELEMENTS OF
     FRAUDULENT TRANSFER. ........................................................................... 5

III. ANY ALLEGED CONSTRUCTIVE FRAUDULENT TRANSFER CLAIM IS
     UNTIMELY UNDER FLORIDA LAW. ............................................................. 8

IV.  COUNTS II AND III DEPEND ON COUNT I AND SHOULD THEREFORE
     BE DISMISSED. ........................................................................................ 9

CONCLUSION .......................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Barker v. Wilkins*,
2011 WL 3167069 (M.D. Fla. July 27, 2011) ........................................................................2

*Centennial Bank v. Noah Group, LLC*,
445 F. App'x 277 (11th Cir. 2011) ........................................................................6

*Elend v. Basham*,
471 F.3d 1199 (11th Cir. 2006) ........................................................................3

*Friedman v. Heart Inst. of Port St. Lucie, Inc.*,
863 So. 2d 189 (Fla. 2003)........................................................................3, 4

*Honus Wagner Co. v. Luminary Grp. LLC*,
2017 WL 6547899 (S.D. Fla. Dec. 21, 2017) ........................................................................2

*ITI Holdings, Inc. v. Prof'l Scuba Ass'n Int'l., LLC*,
2007 WL 914073 (M.D. Fla. Mar. 22, 2007) ........................................................................8

*La Grasta v. First Union Sec., Inc.*,
358 F.3d 840 (11th Cir. 2004) ........................................................................8

*Myers v. Brook*,
708 So. 2d 607 (Fla. Dist. Ct. App. 1998) ........................................................................7, 8

*Welford v. Nobrega*,
30 Mass. App. Ct. 92 (1991)........................................................................5

*Wilderness Soc'y v. Alcock*,
83 F.3d 386 (11th Cir. 1996) ........................................................................3

*Ziemba v. Cascade Int'l, Inc.*,
256 F.3d 1194 (11th Cir. 2001) ........................................................................6

**Statutes**

Fla. Stat. § 726.109(7)........................................................................8

M.G.L. c. 10, § 28........................................................................5

Uniform Fraudulent Transfer Act ........................................................................3, 5, 6

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) .......................................................................................................1, 10

Fed. R. Civ. P. 12(b)(6) ..................................................................................................1, 8, 10

Fed. R. Civ. P. 8 ..................................................................................................................5, 6

Fed. R. Civ. P. 9(b) .............................................................................................................5, 6

Defendant Worcester Polytechnic Institute ("WPI"), through its attorneys, hereby submits this reply brief in further support of its Motion to Dismiss with prejudice the Complaint brought against it by Plaintiff Janet Foisie under Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6).

## INTRODUCTION

In her opposition to the Motion to Dismiss, Plaintiff attacks WPI with over-the-top rhetoric and entirely unsupportable allegations of "obstruction" and "stolen money," all in an effort to distract the Court from what actually matters: the law. Indeed, Plaintiff chronicles the extensive acrimony between Plaintiff and her ex-husband, but that is irrelevant to this case, and appears nowhere in the Complaint. *This* case, and the legal issues before *this* Court, do not concern domestic difficulties, but rather one particular property transfer. And the Motion to Dismiss requires a straightforward analysis of fundamental black letter law: (1) whether Plaintiff qualifies as a creditor of her ex-husband to have standing to assert a fraudulent conveyance action seeking the avoidance of the allegedly fraudulent transfer of the Inverness Way Property to Ms. Biss and WPI; (2) whether Plaintiff has pled with sufficient particularity the elements of the alleged fraudulent transfer; and (3) whether any constructive fraudulent transfer claim is time-barred under the applicable two-year statute of limitations for transfers to charitable entities like WPI. On each of these points, Plaintiff's Complaint fails.

Plaintiff attempts to overcome the fatal deficiencies in her claims by improperly including a raft of new allegations and exhibits in her Opposition brief—none of which were included in the Complaint. But the Court should disregard the allegations that Plaintiff raises for the first time in opposition to the Motion to Dismiss. Rather than focusing on defending the sufficiency of the factual allegations presented in the Complaint, Plaintiff essentially attempts to

1

amend the Complaint's deficiencies through her Opposition brief.[1]  Regardless, even taking these new allegations into account, Plaintiff's claims still fail as a matter of law and should be dismissed.

For instance, Plaintiff focuses the Opposition on Mr. Foisie's alleged bad conduct in connection with the divorce proceedings in 2011, rather than on the subsequent and allegedly fraudulent transfer of an interest in the Inverness Way Property to Ms. Biss and WPI in 2015. But, as unpleasant as the domestic history between Plaintiff and Mr. Foisie may or may not be (and this is neither for WPI to know, nor for this Court to determine), *this* case alleges fraudulent conveyance claims against WPI, not fraud or misrepresentation claims against Mr. Foisie.  It is *those* fraudulent conveyance claims against WPI that Plaintiff Janet Foisie must be a creditor to bring and that must be sufficiently pled—not the supposed bad acts of Mr. Foisie.

Notwithstanding Plaintiff's desire to cast WPI as a villain, Plaintiff has failed to establish a legal basis for her to demand that WPI return any specific Foisie donations.  It would, in fact, be irresponsible for WPI to return funds that are vitally necessary to continue to support students in need—a cause Plaintiff herself readily acknowledges is a worthy one as a historical donor of the University—without any legal obligation to do so and simply based on Plaintiff's say so.

In short, nothing in Plaintiff's Opposition overcomes the fatal flaws identified in WPI's opening brief, and this Court should grant WPI's motion and dismiss the Complaint in its entirety.

---

[1] Exhibits 2, 3, 5, 6, 7, 10 and 11 to the Opposition insert hundreds of pages of new allegations that either the Complaint did not reference or are not central to Plaintiff's claims.  For that reason, the Court should disregard them.  *E.g., Barker v. Wilkins,* 2011 WL 3167069, at *1 & n.2 (M.D. Fla. July 27, 2011) ("Because [Defendants] filed motions to dismiss and not motions for summary judgment, the Court will not consider either Plaintiff's exhibits or his affidavit [which were attached to his oppositions to the motions]"); *see also Honus Wagner Co. v. Luminary Grp. LLC,* 2017 WL 6547899, at *5 (S.D. Fla. Dec. 21, 2017) (striking affidavits supporting plaintiff's opposition to the motion to dismiss because it "appear[ed] to be an attempt by [p]laintiff's counsel to amend the operative complaint").

## ARGUMENT

I.   **THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF LACKS STANDING TO RAISE FRAUDULENT CONVEYANCE CLAIMS.**

Even taking into account all of Plaintiff's new allegations, Plaintiff's case still fails at the outset, because she does not have standing as Mr. Foisie's creditor to bring a fraudulent conveyance claim against WPI.  Put simply, the parties negotiated a divorce settlement in which they expressly granted Mr. Foisie possession of the Inverness Way Property; the Connecticut court entered that divorce settlement as a consent judgment; and no court has subsequently reconsidered or reopened that final judgment.  *See* Motion to Dismiss ("Mem.") Exs. A at 3 & B. Plaintiff's alleged "claim" against Mr. Foisie is based on pure conjecture—Plaintiff hypothesizes that she may be owed more than she received during the long-settled divorce proceedings.  This is an insufficient basis for Plaintiff to assert standing as a creditor.  *See* Mem. at 7-14.[2]

Rather than address the threshold jurisdictional defect in her case, Plaintiff instead focuses her Opposition on an argument WPI did not even make.  Citing *Friedman v. Heart Inst. of Port St. Lucie, Inc.*, 863 So. 2d 189 (Fla. 2003), Plaintiff argues strenuously that a party may qualify as a creditor with standing to bring a fraudulent conveyance action based on a legal claim that has not yet been reduced to final judgment.  Opp. at 8-11.  This is true enough—the plain language of the UFTA states as much.  *See* Mem. at 8.  And WPI does not dispute this. Rather, WPI notes that, under the UFTA, to qualify as a creditor, Plaintiff must at least have an

---

[2] Plaintiff suggests that WPI's argument sounds in ripeness, not standing.  *See* Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opp.") at 7 n.4.  Plaintiff is mistaken.  WPI's Motion To Dismiss is not based upon Plaintiff's claims being "premature," such that the issues presented are not yet ripe for adjudication but may soon be fit for judicial review.  Rather, WPI is arguing that Plaintiff has no claim *at all* against WPI, because she is not Mr. Foisie's creditor.  *Wilderness Soc'y v. Alcock*, 83 F.3d 386, 390 (11th Cir. 1996) (distinguishing between standing and ripeness).  Plaintiff has no standing to bring her claims, and, as a result, this Court has no jurisdiction to hear them.  WPI is not urging the Court to wait for Connecticut state court proceedings to conclude, but instead requests dismissal of the Amended Complaint in its entirety.  In any event, the standing/ripeness distinction is irrelevant:  both standing and ripeness implicate subject matter jurisdiction, so the Court should dismiss regardless of the proper jurisdictional label for WPI's argument.  *See Elend v. Basham*, 471 F.3d 1199, 1204-05 (11th Cir. 2006).

entitlement to payment that is concrete enough to qualify as a *claim*. Put another way, the fatal

defect in Plaintiff's case is not that a Connecticut court has yet to find in her favor on her fraud

claims; it is that she is effectively seeking, based on nothing more than conjecture and conspiracy

theories, to reopen a settled divorce judgment that expressly granted Mr. Foisie possession of the

only asset at issue in this case. *See id.* at 9-10. Indeed, following Mr. Foisie's death, a

Connecticut court dismissed Plaintiff's attempt to reopen the settled divorce case as moot. *See*

Mem. Ex. C.

Plaintiff insists that she is a creditor because of the "injuries she has incurred as a result

of [Mr. Foisie's] malfeasance, and the damages and other remedies that are available to her as a

result." Opp. at 11.[3] But it cannot be the case—and, to WPI's knowledge, no Florida court has

ever held—that anyone who believes that someone else owes him or her money automatically

becomes a creditor with standing to claw back assets that were transferred to third parties.[4]

To the extent that Plaintiff engages at all with the actual substance of WPI's jurisdictional

argument, the Opposition emphasizes a recent order in the Connecticut tort litigation substituting

the Antiguan executors of Mr. Foisie's estate as defendants following Mr. Foisie's death. Opp.

at 11-12. At most, this order puts Plaintiff back in the same position she was in before Mr.

Foisie's death. The order in no way makes her supposed "claim" against Mr. Foisie's estate any

more concrete than it was before. Plaintiff was not Mr. Foisie's creditor before he died, and she

is not his estate's creditor now.

---

[3] Although the Complaint makes much of various Connecticut court orders, Plaintiff seems to have abandoned any argument that these orders are sufficient to make her a creditor with standing to pursue this fraudulent conveyance action, perhaps because the Connecticut divorce action was dismissed as moot after the Complaint was filed. *See id.* (calling the Connecticut litigation a "red herring"); Mem. at 11-14 (explaining that the Connecticut court orders do not establish creditor status).

[4] *Friedman* is not to the contrary. The court in that case held only that, where creditor status is contingent on the outcome of other pending litigation, a fraudulent conveyance claim should not automatically be stayed pending the outcome of the other litigation. 863 So. 2d at 193-95. That is a far cry from holding that every plaintiff in a court case automatically becomes a creditor of the defendant with standing to claw back the defendant's transfer of assets.

Plaintiff's only other response to WPI's jurisdictional argument is a lengthy attempt to distinguish *Welford v. Nobrega*, 30 Mass. App. Ct. 92 (1991), where the Massachusetts Appeals Court observed that "[n]o case . . . has held that a divorced spouse seeking modification of outstanding orders long after the divorce became final"—in other words, a litigant like Plaintiff—"is a 'creditor' entitled to challenge prior transfers of property." *Id.* at 101. In an attempt to avoid the fact that the relevant holdings of *Welford* are squarely on point, Plaintiff (Opp. at 10-11) focuses on a section of *Welford* that addressed claims asserted under M.G.L. c. 10, § 28, which governs the assignability of lottery winnings, *not* the separate fraudulent conveyance claim asserted by the plaintiff in *Welford*.[5] As explained in WPI's opening brief (at 10-11), the creditor-standing principles underlying *Welford* are fully consistent with the UFTA more generally. This Court should follow the sound teachings of *Welford* and reach the same result here. Plaintiff does not (and cannot) cite to a case from Florida or Connecticut (or anywhere else for that matter) that allowed a fraudulent conveyance action to proceed on facts similar to those here. This Court should not become the first.

## II.   PLAINTIFF DOES NOT ADEQUATELY PLEAD THE ELEMENTS OF FRAUDULENT TRANSFER.

Even assuming that Plaintiff has standing, which she does not, the Complaint should still be dismissed in its entirety because it fails adequately to allege an actual or constructive fraudulent transfer. This is true regardless of whether the Rule 9(b) heightened particularity pleading standard, or the Rule 8 plausibility pleading standard, applies. *See* Mem. at 14-18.

As an initial matter, especially in light of the circumstances of this case, this Court should apply Rule 9(b). WPI acknowledged in its opening brief that some district courts in the Eleventh

---

[5] Notably, before rejecting the M.G.L. c. 10, § 28 claim on the ground that the defendant's treatment of the lottery winnings was consistent with state law, the court in *Welford* rejected the separate and independent fraudulent transfer claim on the ground that, as here, the plaintiff was not a creditor of the alleged transferor, because the parties' divorce decree had not been modified. *Id.* at 99-101.

Circuit have declined to apply Rule 9(b) to fraudulent conveyance actions. *See* Mem. at 14 n.14. But many other district courts in the Eleventh Circuit have come out the other way. *See* Mem. at 14 & n.14. And these latter cases are more faithful to the "important purpose" of Rule 9(b), which is "alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotation marks omitted); *Centennial Bank v. Noah Group, LLC*, 445 F. App'x 277, 279 (11th Cir. 2011).

WPI, a non-profit educational institution, has the same interest in protecting its reputation against "spurious charges" as any other defendant in a fraud action. Plaintiff suggests that Rule 9(b) should not apply, because she lacks sufficient "information about the alleged fraudulent transfer" to plead a fraudulent transfer claim with particularity. Opp. at 15. But this is precisely the pleading defect that necessitates dismissal of the Complaint—Plaintiff is alleging fraud, and exposing WPI to a serious risk of reputational harm and significant legal expense, based on nothing but her own conjecture.

Regardless, the choice of pleading standard is not dispositive here: Plaintiff's Complaint fails to satisfy even the plausibility standard of Rule 8. Plaintiff concedes that she has failed to plead facts sufficient to satisfy the vast majority of the statutory "badges of fraud" set forth in the UFTA. S*ee* Opp. at 16. Yet, she nonetheless insists that she has satisfied three of these factors and for this reason has properly pled Mr. Foise's fraud. *Id.* This is wrong.

First, Plaintiff argues that the Connecticut divorce action was filed shortly before the transfer at issue, and that this "closeness in time" suggests fraudulent intent. *Id.* at 17. But this is completely implausible. There is no reason that Mr. Foisie—faced with a highly speculative (and ultimately unsuccessful) lawsuit seeking to reopen a settled divorce judgment in which he

received the Inverness Way Property free and clear—would have publicly transferred to a charitable institution an interest in that property to prevent Plaintiff from acquiring it.  This is particularly the case given that the Inverness Way Property was worth a tiny amount compared to the many millions of dollars that were originally at issue at the time of the parties' divorce.

Second, Plaintiff insists that Mr. Foisie's insolvency supports an inference of fraudulent intent.  *Id.*  But the Complaint never actually pleads that Mr. Foisie was insolvent at the time of transfer or that he became insolvent shortly thereafter.  Instead, the Opposition emphasizes that Mr. Foisie's alleged multi-million dollar gift to WPI would be "entirely unaffordable based on the financial affidavit [Mr. Foisie] provided during the divorce proceedings."  *Id.* at 17; Compl. ¶ 11.  Not only is this allegation far too vague to satisfy any pleading standard, but it ignores that the financial affidavit was signed in 2011 and therefore fails to reflect Mr. Foisie's actual net worth at the time of the transfer at issue in 2015.

Finally, Plaintiff insists that Mr. Foisie did not receive "reasonably equivalent value" in exchange for the transfer, because, according to the Complaint, he received "no consideration" at all.  Opp. at 17; Compl. ¶ 13.  But Plaintiff's limited understanding of "consideration" seems based on the incorrect assumption that Mr. Foisie engaged in a business transaction.  In fact, he made a charitable contribution, and the value he received in exchange for his donation was "reasonably equivalent" in light of that context.  *See* Mem. at 18.

Thus, Plaintiff has failed plausibly to plead *any* badges of fraud that might support an inference of fraudulent intent, which is a necessary element of an actual fraudulent conveyance claim.[6]  The Court should therefore dismiss Plaintiff's fraudulent conveyance claim, regardless of which pleading standard it applies.[7]

---

[6] Even assuming that Plaintiff has sufficiently pled at least one badge of fraud, which she has not, a sole badge of fraud would be insufficient as a matter of law to establish fraudulent intent.  *See Myers v. Brook*, 708 So. 2d 607,

## III.   ANY ALLEGED CONSTRUCTIVE FRAUDULENT TRANSFER CLAIM IS UNTIMELY UNDER FLORIDA LAW.

The Court also should dismiss any constructive fraudulent conveyance claim as time-barred under the applicable two-year statute of limitations for constructive fraudulent conveyance claims against charitable entities.  *See* Fla. Stat. § 726.109(7); Mem. at 18-19.

Plaintiff does not dispute that the two-year statute of limitations applies, nor could she, as WPI is clearly a charitable entity.  Instead, Plaintiff quotes *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004), for the proposition that WPI's statute of limitations objection is "procedurally premature," because "'[a] statute of limitations bar is an affirmative defense.'"  Opp. at 19.  Plaintiff grossly misrepresents the holding in *La Grasta*.  In the sentence right after the one Plaintiff quotes, the court in *La Grasta* explained that "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred."  358 F.3d at 845 (internal quotation marks omitted).  In other words, contrary to Plaintiff's assertions, a court *may dismiss* a case on statute of limitations grounds so long as the basis for dismissal is clear on the face of the complaint.[8]

The statute of limitations defect here is clear on the face of the Complaint:  Mr. Foisie publicly transferred ownership of the Inverness Way Property to Ms. Biss and WPI in July 2015, more than two years before this case was filed.  *See* Mem. at 18-19.  Plaintiff asserts some entitlement to equitable tolling based on Mr. Foisie's alleged "concealment" of his fraud and his

---

610 (Fla. Dist. Ct. App. 1998) (reversing a finding of fraudulent transfer where there was only one badge of fraud); *ITI Holdings, Inc. v. Prof'l Scuba Ass'n Int'l., LLC*, 2007 WL 914073, at *4 (M.D. Fla. Mar. 22, 2007) (stating that "the mere presence of a single badge of fraud will not generally support a finding that a conveyance was made with actual intent to defraud").

[7] To the extent that Plaintiff has also pled a constructive fraudulent conveyance claim (which the Complaint fails to plead explicitly, and the Opposition references only in passing), "fraud" and "reasonably equivalent value" are necessary elements of such a claim.  *See* Mem. at 17-18.  As explained above, Plaintiff has failed to plead sufficient facts to satisfy those elements under any pleading standard—so the Court should dismiss any constructive fraudulent conveyance claim as well.

[8] This is no different from any other basis for dismissal under Rule 12(b)(6).  When reviewing a motion to dismiss, a court always takes all allegations in the Complaint as true, unless contradicted by other allegations or by documents that are "central" to the claims.  *See* Mem. at 6-7.

finances, Opp. at 19-20, but Plaintiff's own allegations establish that Plaintiff had as much (or as little) reason to allege in July 2015 that Mr. Foisie had committed fraud and was insolvent as she has now.  As for any "concealment" of the alleged fraud, Plaintiff herself acknowledges that, by the time Mr. Foisie transferred ownership of the Inverness Way Property to Ms. Biss and WPI in 2015, Plaintiff had already filed her (since dismissed) action to reopen the Connecticut divorce proceedings based on the very same alleged fraud.  *See id.* at 17 (citing Compl. ¶¶ 12 & 13).  As for any "concealment" of Mr. Foisie's finances, the Complaint alleges insolvency based only on an affidavit that was available to Plaintiff in 2011, and Mr. Foisie's announcement, "*soon after the divorce was finalized,*" of a "a $40,000,000 [gift] to [WPI]."  *Id.* (quoting Compl. ¶ 11 (emphasis added)).  Because the allegations in the Complaint establish that Plaintiff was fully on notice in July 2015 of the facts on which she now relies to allege fraud and insolvency, she is not entitled to equitable tolling, and she should not be allowed to avoid responsibility for her own impermissible delay in filing suit.

**IV.     COUNTS II AND III DEPEND ON COUNT I AND SHOULD THEREFORE BE DISMISSED.**

Plaintiff does not dispute that, if her fraudulent transfer claim (Count I) is dismissed, Counts II and III should be dismissed as well.  Given that Count I fails on its face, so do Counts II and III.

## **CONCLUSION**

For the foregoing reasons, as well as the reasons outlined in WPI's opening brief, WPI respectfully requests that this Court dismiss the Complaint in its entirety under Rule 12(b)(1) and/or Rule 12(b)(6).

Dated:   June 27, 2019                              HOLLAND & KNIGHT LLP

/s/ *Noel R. Boeke*
Noel R. Boeke
Florida Bar Number: 151830
noel.boeke@hklaw.com
100 N. Tampa Street, Suite 4100
Tampa, Florida  33602
Phone: 813-227-8500; Fax: 813-229-0134

Roberto M. Braceras (*pro hac vice*)
Jennifer L. Chunias (*pro hac vice*)
Joshua J. Bone (*pro hac vice*)
Samuel J. Gamer (*pro hac vice*)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: +1 617 570 1000
Fax.: +1 617 523 1231
RBraceras@goodwinlaw.com
JChunias@goodwinlaw.com
JBone@goodwinlaw.com
SGamer@goodwinlaw.com

*Attorneys for Worcester Polytechnic Institute*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on June 27, 2019, a true and correct copy of the foregoing was

electronically filed with the Clerk of the Court by using the CM/ECF system.  I further certify

that a copy of the foregoing was emailed to:

Janet Foisie
c/o John J. Waskom, Esq.
Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.
2033 Main Street, Suite 500
Sarasota, FL 34237
jwaskom@icardmerrill.com
jdreznin@icardmerrill.com

/s/ *Noel R. Boeke*
Noel R. Boeke

11