UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14143-CIV-ROSENBERG/MAYNARD

JANET FOISIE,

    Plaintiff,

v.

PATRICIA A. BISS, WORCESTER
POLYTECHNIC INSTITUTE, AND THE
UNKOWN REPRESENTATIVE OF THE
ESTATE OF ROBERT A. FOISIE,

    Defendants.
_____/

## REPORT AND RECCOMENDATION ON
## PLAINTIFF'S MOTION FOR REMAND (DE 19)

**THIS CAUSE** comes before this Court upon an Order of Reference (DE 33) and the above Motion. Having reviewed the Motion, Response, and Reply, this Court recommends that the Motion be granted for reasons that follow.

## BACKGROUND

On June 8, 2016, Plaintiff's ex-husband, Robert Foisie, deeded a home at the address 10220 Inverness Way, Port St. Lucie, Florida, 34986, ("the Port St. Lucie Home") to Patricia Biss ("Ms. Biss") in life estate, with the remainder to Worcester Polytechnic Institute ("WPI"). (DE 1, Ex. A, at 26). On March 20, 2019, Plaintiff Janet Foisie filed suit in the Circuit Court of the Nineteenth Judicial Circuit, in and for St. Lucie County, Florida, against Defendants Ms. Biss and WPI. Plaintiff alleges that Robert Foisie fraudulently conveyed the Port St. Lucie Home to Ms. Biss and WPI to avoid his creditors. (DE 1, Ex. A, at 10).

On April 26, 2019, WPI removed the case to federal court, claiming that this Court has jurisdiction as there is complete diversity among the parties. (DE 1). WPI alleges that Plaintiff is a Florida citizen, WPI a corporate citizen of Massachusetts, and that Ms. Biss is a citizen and domiciliary of Antigua. (DE 1 at 2).

On May 24, 2019, Plaintiff moved to remand this case to state court, arguing that Plaintiff and Ms. Biss are both citizens of Florida, thus destroying diversity. (DE 19). Plaintiff points to the fact that Ms. Biss provided her addresses as Vero Beach and Port St. Lucie in a 2016 deposition. (DE 19 at 3). Plaintiff also alleges that Ms. Biss is currently registered to vote in Florida.

WPI filed a Memorandum in Opposition to Motion to Remand on June 7, 2019, again asserting that diversity exists because Ms. Biss is a citizen of and domiciled in Antigua. In support of its assertion that Ms. Biss is domiciled in Antigua, WPI points out that Mr. Foisie's will provided Ms. Biss was of "Jolly Harbour, Antigua." (DE 29, Ex. C). WPI alternatively argues in the memorandum that, even if Ms. Biss is domiciled in Florida, her citizenship should not be considered as she was not properly served at the time of removal. (DE 29). Neither party has contested the citizenships of Plaintiff and WPI, nor the fact that Ms. Biss is a dual-citizen of the United States and Antigua.

Further evidence shows that Robert Foisie left Ms. Biss all of his personal property in Antigua in his "Last Will." (DE 29, Ex. C). Moreover, Plaintiff attempted service upon Ms. Biss at the Port St. Lucie home on March 21, 2019. (DE 1, Ex. A, at 46). Service was not completed until Ms. Biss was personally served on June 4, 2019, at her home in Jolly Harbour, Antigua, however. (DE 30). Ms. Biss has not yet appeared in this lawsuit.

## DISCUSSION

I.   **Removal Jurisdiction**

Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of her own claim. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Removal jurisdiction "raises significant federalism concerns[,]" therefore removal statutes are narrowly construed. *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). A district court considering a motion to remand "has before it only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213–14 (11th Cir. 2007) (footnote omitted). If that evidence is insufficient to establish removal, "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id.* at 1214–15. However, "the district court when necessary [may] consider post-removal evidence in assessing removal jurisdiction." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773 (11th Cir. 2010) (quoting *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)). The Court is required to construe the removal statutes narrowly and resolve any doubt against removal, *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), but it must be "equally vigilant" in protecting a defendant's right to proceed in federal court. *Pretka*, 608 F.3d at 766. All doubts about removal jurisdiction must be resolved in favor of remand to state court. *American Tobacco Co.*, 168 F.3d at 411.

WPI alleges removal is proper because the parties are completely diverse pursuant to 28 U.S.C. § 1332(a).  §1332(a) confers federal jurisdiction in civil actions where the matter in controversy exceeds the sum or value of $75,000, and the action is between either (1) citizens of different states; (2) citizens of a state or subjects of a foreign state; and (3) citizens of different

states and in which citizens or subjects of a foreign state are additional parties. *See* 28 U.S.C. § 1332(a). The parties do not dispute that the amount in controversy is over $75,000, or that Plaintiff and WPI are diverse from one another. WPI argues that Ms. Biss' Antiguan citizenship creates alienage jurisdiction under §1332(a)(3). Therefore, this Court must resolve Ms. Biss' citizenship and domicile to determine whether federal alienage jurisdiction exists.

## II. This Court Lacks Diversity Jurisdiction Because Ms. Biss Is A Dual-Citizen Domiciled in Antigua.

Generally, when considering the citizenship of a dual-citizen for diversity purposes, courts look only to the individual's United States citizenship. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011) ("[A]n individual who is a dual citizen of the United States and another nation is only a citizen of the United States for the purposes of diversity jurisdiction under § 1332(a)"). As a dual-citizen of the United States and Antigua, Ms. Biss is a United States citizen for purposes of diversity jurisdiction. Dual-citizens cannot invoke their foreign citizenship while living abroad for alienage jurisdiction. *Fret-Smith v. Vanterpool*, 511 F.3d 396 (3d Cir. 2008); *see also Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996). There is no dispute that Ms. Biss is a dual citizen of the United States and Antigua, and this Court accepts it as true. Thus, only Ms. Biss' United States citizenship is recognized for jurisdictional purposes.

The Court must next consider Ms. Biss' domicile. *See Rural Int'l Bank Ltd. v. Key Fin. Inv. Grp. LLC*, 2017 WL 3382788 (S.D.Fla. August 7, 2017) (explaining that "[a]fter citizenship is established, the next relevant inquiry is one of domicile."). "A person's domicile is the place of his 'true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254,

1257-58. Domicile is a two-prong test, requiring both: (1) residence in the forum state, and (2) an intention to remain there indefinitely. *Travaglio v. American Exp. Co.*, 734 F.3d 1266, 1269 (11th Cir. 2013). Individuals may only be citizens of the state in which they are domiciled, and they have only one domicile. *Molinos Valley Del Cibao, C. por A.*, 633 F.3d at 1346. Moreover, "a change of domicile requires a concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely." *McCormick*, 293 F.3d at 1258.

American citizens domiciled abroad are considered "stateless," meaning that they are not a "citizen of a State" because they are not domiciled within a state. *Newman-Green, Inc. v. Alfonzo-Larrain*, 109 S.Ct. 2218, 2221 (1989) (holding that a U.S. citizen domiciled abroad is "stateless," and that in order to be a citizen of a state within the meaning of the diversity statute a person must both be a citizen of the United States *and* be domiciled within a state); *see also Molinos Valle Del Cibao, C. por A.*, 633 F.3d at 1341 ("U.S. citizens domiciled abroad are neither 'citizens of a State' under §1332(a) nor 'citizens or subjects of a foreign state' and therefore are not proper parties to a diversity action in federal court.") *and Rural Int'l Bank Ltd. v. Key Fin. Inv. Grp. LLC*, 2017 WL 3382788 (S.D.Fla. August 7, 2018). The presence of a "stateless" party destroys a court's diversity jurisdiction, even when there are otherwise diverse parties on the same side of the lawsuit. *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F.Supp.3d 1300, 1303 (S.D.Fla. 2016).

The evidence before this Court suggests that Ms. Biss is domiciled in Antigua. It appears that Ms. Biss was residing in Antigua at the time the lawsuit was filed, considering the fact that she was personally served at her home in Antigua, and that service could not be completed at the Port St. Lucie Home. One way for a party to a lawsuit to satisfy the burden of producing evidence that another party has changed domicile is by showing that the other party resided

elsewhere when the suit was filed. *See King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171-72 (11th Cir. 2007) (noting that a change of residence raises a presumption of domicile in the jurisdiction where the party is a resident at the time of filing, and that the burden then shifts to the other party to show that the change of residence was in the exercise of some particular profession, office, or calling). There is no evidence showing that Ms. Biss intends to return to the United States, or that her Antiguan residence is for a temporary duration. Because Ms. Biss is domiciled abroad, she is "stateless," and her presence in this lawsuit destroys diversity jurisdiction.

### III. Even if Ms. Biss is Not Domiciled in Antigua, the Only Other Possible Location of Domicile is in Florida, Which Destroys Diversity Jurisdiction.

If Ms. Biss has retained domicile in the United States, the available evidence suggests that she would be domiciled in Florida. Diversity jurisdiction requires that no plaintiff be a citizen of the same state as a defendant. *Travaglio*, 735 F.3d at 1268 (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). WPI has neither argued nor offered any evidence that Ms. Biss is domiciled in a state other than Florida. The Port St. Lucie home which Ms. Biss owns is in Florida, and no other evidence ties Ms. Biss to a state besides Florida. Thus, if she has retained a domicile in the United States there is no complete diversity between the parties because both Plaintiff and Ms. Biss would be domiciled in Florida.

WPI alternatively argues that even if Ms. Biss is domiciled in Florida, this Court should not consider her Florida domicile in determining whether diversity jurisdiction exists pursuant to the forum defendant rule established in 28 U.S.C. § 1441(b)(2). Section 1441(b)(2) instructs that actions founded upon diversity "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought."

28 U.S.C. § 1441(b)(2). The forum defendant rule precludes removal of a case if a properly named and served defendant is a citizen of the forum state, even if complete diversity exists.

The forum defendant rule is not applicable here. If Ms. Biss is domiciled in Florida, both she and the Plaintiff are Florida citizens for purposes of jurisdiction and there is no diversity between the parties. The law is clear that § 1441(b)(2) does not permit a non-resident defendant, such as WPI, to remove an action to federal court before the resident defendant, that is, Ms. Biss, is served, if joinder of Ms. Biss defeats diversity jurisdiction and is otherwise proper. *Ott v. Consolidated Freightways Corp. of Delaware*, 213 F.Supp.2d 662, 666 (S.D.Miss. 2002). "Diversity jurisdiction is determined by the face of the complaint, not by which defendants have been served." *Id.* (*citing Hunter Doublas Inc. v. Sheet Metal Workers Intern. Ass'n. Local 159*, 714 F.2d 342 (4th Cir. 1983)). "[T]he fact that [a] resident defendant has not been served with process does not justify removal by [a] non-resident defendant." *Pullman Co. v. Jenkins*, 59 S.Ct. 347, 350–51 (1939); *see also Nasco v. Hertz Corp.*, 2010 WL 309033 (S.D.Fla. Jan. 25, 2010) (holding that a defendant's non-diverse citizenship cannot be ignored simply because that defendant was not served at the time of removal, and that the court was required to remand the action unless the non-diverse defendant had been fraudulently joined). Thus, the forum defendant rule does not prevent remand in this case.

## CONCLUSION

This Court could only have diversity jurisdiction if Ms. Biss is domiciled in a state other than Florida. If WPI is correct and Ms. Biss has changed her domicile to Antigua, her presence in this lawsuit destroys diversity because she is a United States citizen domiciled abroad. If Ms. Biss is domiciled in Florida, then diversity is again defeated because Plaintiff and Ms. Biss are citizens of the same state. There is no evidence to suggest that Ms. Biss is domiciled in a

different state than Florida. Consequently, WPI has not shown that this Court has diversity jurisdiction over this case.

**ACCORDINGLY**, this Court recommends to the District Court that the Plaintiff's Motion to Remand (DE 19) be **GRANTED.**

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg, the United States District Judge assigned to this case. Failure to file timely objections shall bar the parties from a de novo determination by the District Court of the issues covered in this Report and Recommendation and bar the parties from attacking on appeal the factual findings herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988). Conversely, if a party does not intend to object to this Report and Recommendation, then the party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 29th day of July, 2019.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE