UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 2:19-cv-14143-ROSENBERG/MAYNARD

JANET FOISIE,

     Plaintiff,

vs.

PATRICIA BISS,
WORCESTER POLYTECHNIC INSTITUTE &
UNKNOWN REPRESENTATIVE OF THE
ESTATE OF ROBERT A. FOISIE,

     Defendants.
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATIONS AND REMANDING CASE TO STATE COURT

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Remand (the "Motion"). Mot., DE 19. The Motion has been fully briefed. *See* Def. Resp., DE 29; Pl. Reply, DE 37. The Motion was referred to the Honorable Shaniek M. Maynard on June 10, 2019. DE 33. On July 29, 2019, Judge Maynard issued her Report and Recommendations (the "Report") recommending that the Motion be granted, because Defendant had not established diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Report, DE 43. Plaintiff filed a Notice of No Objection to the Report on August 5, 2019. DE 44. Defendant Worcester Polytechnic Institute ("WPI") filed Objections on August 12, 2019 arguing that the Court may exercise diversity jurisdiction over this case. DE 45. The Court has conducted a *de novo* review of Magistrate Judge Maynard's Report, the record, and is otherwise fully advised in the premises.

The crux of the parties' dispute is over the citizenship and domicile of the parties. Defendant maintains that diversity jurisdiction exists, because Plaintiff is a Florida citizen, Defendant WPI is a Massachusetts citizen, and Defendant Biss is a citizen of Antigua and Barbuda. *See* Notice of Removal, DE 1, 2. Plaintiff does not contest that she is a citizen of Florida and that WPI is a Massachusetts citizen. *See* Mot., DE 19. The dispute therefore is about

the citizenship of Defendant Biss. *See id.*; Resp., DE 29. Defendant Biss appears to be a dual citizen of the United States and Antigua, currently lives in Antigua, and previously lived in the State of Florida. *See* Mot., DE 19; Resp., DE 29. In fact, Plaintiff's Complaint centers on the disposition of a property that Defendant Biss resided at with her now-deceased husband, Mr. Foisie, who was previously married to Plaintiff Foisie. *See* Compl, DE 1; Mot. to Remand, DE 19, ¶ 2.

Judge Maynard correctly concluded that Ms. Biss's United States citizenship must be considered for diversity purposes under Eleventh Circuit case law. In *Molinos*, the Eleventh Circuit unequivocally held "that an individual who is a dual citizen of the United States and another nation is only a citizen of the United States for the purposes of diversity jurisdiction under [28 U.S.C.] § 1332(a)." *Molinos Valle Del Cibao C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011) (considering decisions by the Ninth, Third, Fifth, Second, Seventh, and Sixth Circuits on this question). *See also Las Vistas Villas, S.A. v. Petersen*, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991) ("When an American citizen is also a citizen of another country, only the American nationality of the dual citizen should be recognized under 28 U.S.C. § 1332(a).") (internal quotations omitted) *aff'd sub nom. Las Vistas Villas v. Petersen*, 13 F.3d 409 (11th Cir. 1994).

In her Motion to Remand, Plaintiff represented that Ms. Biss is a citizen of the United States (and is therefore a dual citizen) and supported this statement with evidence. *See* Mot., DE 19, 3. There is no evidence in the record to suggest that Ms. Biss formally renounced her United States citizenship, and the Court notes that the burden for showing renunciation of citizenship is high. "The act of establishing a domicile in a foreign country, without more, does not cause an individual to relinquish his American citizenship." *Pinto v. Spectrum Chemicals & Lab. Prod.*, No. CIV.07-3111(AET), 2007 WL 3071694, at *4 (D.N.J. Oct. 22, 2007).

As a result, the Court must consider where Ms. Biss' domicile lies in the United States. The Court agrees with Judge Maynard that Ms. Biss is stateless, or, alternatively, was most recently domiciled in the State of Florida. *See* Report, DE 43, 4-6. Regardless of whether she is stateless or domiciled in Florida, diversity jurisdiction is destroyed. "A United States citizen with no domicile in any state of this country is 'stateless' and cannot satisfy the complete diversity requirement when she, or her estate, files an action against a United States citizen." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007) (citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828 (1989). Alternatively, Ms. Biss' last apparent address was in the State of Florida, when she lived at the property at issue in this lawsuit, destroying diversity jurisdiction. *See* Report, DE 43, 6-7; *see also* Exhibit B to Mot. to Remand, DE 19, 12.

WPI raises various policy arguments why the Court should nevertheless exercise jurisdiction over this case. *See* Objections, DE 45. WPI argues that the "unique circumstances of this case warrant consideration of Ms. Biss's Antiguan Citizenship," because Ms. Biss has not been active in litigating this case. *See id.* at 3. Further, WPI argues that there are relevant factual distinctions between the Report's cited case law and the facts of this case. Essentially, WPI argues that the Court should disregard Ms. Biss' U.S. citizenship and/or her Florida domicile, because she has not yet participated in this case. However, WPI cites no case law to support this "passive defendant" theory of diversity jurisdiction where the passive defendant is *named* in the action. *See id.; but cf. Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all *named* plaintiffs and all *named* defendants, and no defendant is a citizen of the forum State. It is not incumbent on the named defendants to negate the existence of a *potential* defendant whose presence in the action would destroy diversity.") (emphasis added).

Thus, under current Eleventh Circuit case law, there is no exception to the complete

3

diversity requirement for a passive, non-diverse defendant. "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of So. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.*

Therefore, upon review, the Court finds Judge Maynard's recommendations to be well reasoned and correct. For all of the foregoing reasons, the Court agrees with the analysis in Judge Maynard's Report and Recommendations and concludes that Judge Maynard's conclusions should be adopted. The Court therefore overrules Defendant's objections.

Accordingly, it is hereby **ORDERED and ADJUDGED:**

1. Magistrate Judge Maynard's Report and Recommendations, DE 43, is hereby **ADOPTED**.

2. Plaintiff's Motion to Remand, DE 19, is **GRANTED**.

3. This case is **REMANDED** to the Nineteenth Judicial Circuit in and for St. Lucie County, Florida.

4. The Clerk of Court is instructed to **CLOSE** this case, **TERMINATE** all deadlines, and **DENY** all pending motions as moot.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 23rd day of August, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record