UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

JANET FOISIE,

    Plaintiff,

v.                                              Case No.: 2:19-cv-14143

PATRICIA A. BISS, WORCESTER
POLYTECHNIC INSTITUTE, AND
THE UNKNOWN REPRESENTATIVE
OF THE ESTATE OF ROBERT A. FOISIE,

    Defendants.                                            /

**PLAINTIFF'S RESPONSE TO DEFENDANT, WORCESTER POLYTECHNIC INSTITUTE'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON THE MOTION TO REMAND**

COMES NOW, Plaintiff, Janet Foisie, by and through her undersigned counsel, and files this Response to Defendant, Worcester Polytechnic Institute's ("WPI") Objection to the Magistrate Judge's Report and Recommendation on the Motion to Remand, and would state:

**I.    Introduction.**

The Plaintiff in her Complaint explains in greater detail the grounds upon which she asserts causes of action for fraudulent transfer, declaratory judgment and to quiet title to a single family home located in St. Lucie County. ECF No. 1 at Exhibit A. The Plaintiff alleges that her former husband, Robert Foisie breached his fiduciary duty to her, and that he fraudulently obtained millions of dollars of property pursuant to an agreed division of marital property in their divorce. The Plaintiff alleges that she was defrauded by her former spouse, Robert Foisie who failed to disclose marital property. The Plaintiff, after discovering the tortious and fraudulent conduct of her former

husband, first brought suit in the pending related cases to obtain judgment against him and to unwind other fraudulent transfers. (See Notice of Related Cases ECF. No. 18)

In this suit, the Plaintiff similarly complains that her former husband defrauded her and that he obtained her interest in the real property. Robert Foisie then transferred his ill-gotten title to the real property that he obtained from the Plaintiff for no consideration. Robert Foisie made gifts of the real property to his then paramour, Defendant Patricia Biss of a life estate and then to his undergraduate alma mater, WPI with the remainder.

Summonses were issued by the Clerk of the state of Florida Circuit Court Clerk in this case to the Defendants. Service of process has been perfected by personal service on Ms. Biss. WPI through its agent was also personally served. The Plaintiff contends that Ms. Biss' dual United States-Antigua and Barbuda citizenships destroys diversity jurisdiction.

**II.     Discussion.**

The Magistrate, in the Recommendation, summarized the proper application of the diversity test to the facts of this case as follows:

> This Court could only have diversity jurisdiction if Ms. Biss is domiciled in a state other than Florida. If WPI is correct and Ms. Biss has changed her domicile to Antigua, her presence in this lawsuit destroys diversity because she is a United States citizen domiciled abroad. If Ms. Biss is domiciled in Florida, then diversity is again defeated because Plaintiff and Ms. Biss are citizens of the same state. There is no evidence to suggest that Ms. Biss is domiciled in a different state than Florida. Consequently, WPI has not shown that this Court has diversity jurisdiction over this case.

WPI has objected to this conclusion. WPI's objection is summarized as follows:

1.    WPI proposes for this Court an "active participation" test for diversity analysis, and

2.    WPI then argues that because Ms. Biss has not yet actively participated in this lawsuit, this Court should ignore her for the purposes of diversity analysis.

As will be discussed below, WPI's suggested new approach fails as a matter of law.

      A.      Ms. Biss' level of participation in this case is not germane to diversity analysis.

WPI's initial attack on the Recommendation is an attempt to ignore the controlling caselaw. WPI notes that Ms. Biss has not, as yet, actively participated in these proceedings. WPI posits that <u>Molinos Valle Del Ciabao, C. Por A. V. Lama</u>, 633 F.3d 1330 (11th Cir. 2011), <u>Free-Smith v. Vanterpool</u>, 511 F.3d 396 (3d Cir. 2008), and <u>Coury v. Prot</u>, 85 F.3d 244 (5th Cir. 1996) are all distinguishable. WPI's Objection, P. 3-4. WPI cannot articulate any "active participation" standard or test. WPI's invitation to create one should be rejected. None of these decisions turned on how "active" an allegedly diverse party was in the case. This simply is not part of the diversity test, nor should it be.

The applicable holding of the court in <u>Molinos Valle Del Cibao, C. por A. v. Lama</u>, 633 F.3d 1330, 1341 (11th Cir. 2011), is as follows:

> We are persuaded by the reasoning of these courts and therefore hold that an individual who is a dual citizen of the United States and another nation is only a citizen of the United States for the purposes of diversity jurisdiction under § 1332(a) . . . U.S. citizens domiciled abroad are neither "citizens of a State" under § 1332(a) nor "citizens or subjects of a foreign state" and therefore are not proper parties to a diversity action in federal court.

There is ***no*** qualification in these holdings limiting their applicability to litigants who "actively participate" versus litigants who do not. The court's mention of a party's participation or lack thereof does not alter the clear and unambiguous holding quoted above.

Similarly, the applicable holding of the court in <u>Free-Smith v. Vanterpool</u>, 511 F.3d 396 (3d Cir. 2008), is as follows:

> A number of our sister Courts of Appeals have already held that for a dual national citizen, only the American nationality is relevant for purposes of diversity under 28 U.S.C. § 1332. These courts agree that "diversity jurisdiction may be properly invoked only when a dual

citizen's domicile, and thus his citizenship, is in a state diverse from that of adverse parties." Coury v. Prot, 85 F.3d 244, 250 (5th Cir. 1996) (citing Action S.A. v. Marc Rich & Co., 951 F.2d 504 (2d Cir. 1991); Sadat v. Mertes, 615 F.2d 1176 (7th Cir. 1980); Mutuelles Unies v. Kroll & Linstrom, 957 F.2d 707 (9th Cir. 1992); Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202 (D.C. Fla. 1991), aff'd, 13 F.3d 409 (11th Cir. 1994)). Thus, an American national, living abroad, cannot sue or be sued in federal court under § 1332(a)(2). The only way that an American national, living abroad, can sue under § 1332 is under § 1332(a)(1) if that national is a citizen, i.e., domiciled, in one of the fifty U.S. states. Coury, 85 F.3d at 248. 6Link to the text of the note We find the Fifth Circuit's reasoning in Coury v. Prot particularly persuasive:

> the dual citizen should not be allowed to invoke alienage jurisdiction because this would give him an advantage not enjoyed by native-born American citizens. . . . [T]he major purpose of alienage jurisdiction is to promote international relations by assuring other countries that litigation involving their nationals will be treated at the national level, and alienage jurisdiction is intended to allow foreign subjects to avoid real or perceived bias in the state courts--a justification that should not be available to the dual citizen who is an American. Id. at 250 (citing 1 Moore's Federal Practice § 0.75[4]) (internal citations omitted).

We agree with the courts that have already decided this issue and hold that for purposes of diversity jurisdiction, only the American nationality of a dual national is recognized.

Here again, there is no qualification set forth in this straight-forward holding that it only applies to parties who "actively litigate" in a case.

Finally, the applicable holding in Coury v. Prot, 85 F.3d 244, 249-50 (5th Cir. 1996), is as follows:

> A person cannot be a "citizen" of a state unless she is also a citizen of the United States. See e.g., Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989); Mas v. Perry, 489 F.2d 1396 (5th Cir.) cert. denied, 419 U.S. 842, 95 S. Ct. 74, 42 L. Ed. 2d 70 (1974). A United States citizen who is domiciled in a state is a citizen of that state. See Robertson v. Cease, 97 U.S. 646, 648-650, 24 L. Ed. 1057 (1878). Thus, with few exceptions, state citizenship for diversity purposes is regarded as synonymous with domicile. E.g., Rodriguez-Diaz v. Sierra-Martinez, 853 F.2d 1027 (1st Cir.1988); 1 J. Moore, Moore's Federal Practice § 0.74[3] n. 3. Accordingly, it has been held consistently that a diversity suit may not be maintained under 28 U.S.C. § 1332(a)(1) by or against a United States citizen who is domiciled in a foreign country, for a resident of a foreign country is not necessarily a citizen thereof. Smith v. Carter, 545 F.2d 909 (5th Cir.) cert. denied, 431 U.S. 955, 97 S. Ct. 2677, 53 L. Ed. 2d 272 (1977). Moreover, an American living abroad is not by virtue of

> that domicile a citizen or subject of the foreign state in which he resides so as to permit invocation of the alienage jurisdiction prescribed in 28 U.S.C. § 1332(a)(2) of the Judicial Code. 13B Wright-Miller-Cooper, Federal Practice & Procedure § 3621 (1984).
>
> Furthermore, there is an emerging consensus among courts that, for a dual national citizen, only the American citizenship is relevant for purposes of diversity under 28 U.S.C. § 1332. Consequently, diversity jurisdiction may be properly invoked only when a dual citizen's domicile, and thus his citizenship, is in a state diverse from that of adverse parties. See Action S.A. v. Marc Rich & Co., 951 F.2d 504 (2nd Cir.) cert. denied, 503 U.S. 1006, 112 S. Ct. 1763, 118 L. Ed. 2d 425 (1992); Mutuelles Unies v. Kroll & Linstrom, 957 F.2d 707 (9th Cir.1992); Sadat v. Mertes, 615 F.2d 1176 (7th Cir.1980); Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202 (D.C.Fla.1991) (affirmed by 13 F.3d 409 (11th Cir.1994)); Liakakos v. CIGNA Corp, 704 F. Supp. 583 (E.D.Pa.1988); See also Maple Island Farm, Inc. v. Bitterling, 196 F.2d 55 (8th Cir.) cert. denied, 344 U.S. 832, 73 S. Ct. 40, 97 L. Ed. 648 (1952). Accordingly, the dual citizen should not be allowed to invoke alienage jurisdiction because this would give him an advantage not enjoyed by native-born American citizens. Sadat v. Mertes, 615 F.2d 1176 (7th Cir.1980); Soghanalian v. Soghanalian, 693 F. Supp. 1091 (D.C.Fla.1988); Liakakos v. CIGNA Corp., supra. The latter conclusion is sound according to 1 Moore's Federal Practice § 0.74[4], because the major purpose of alienage jurisdiction is to promote international relations by assuring other countries that litigation involving their nationals will be treated at the national level, and alienage jurisdiction is also intended to allow foreign subjects to avoid real or perceived bias in the state courts--a justification that should not be available to the dual citizen who is an American. See also 13B Wright-Miller-Cooper § 3621 (1984).

Once again, there is no qualification to this analysis based on whether the litigant "actively participated" in the litigation or not.   See also, Turan Petroleum, Inc. v. Lentin, 482 F. Supp. 2d 1170 (C.D. Cal. 2007) (a suit by or against United States citizens domiciled abroad may not be premised on diversity.)  Pemberton v. Colonna, 290 F.2d 220 (3D Cir. 1961) (a citizen of the US who is domiciled abroad is not a citizen of the country where he makes his home; he must renounce his US citizenship and acquire citizenship in the foreign country.)

The fact is, we do not know why Ms. Biss has not yet participated in the case.  It is entirely possible that she is waiting until the remand proceedings are concluded to participate.  Perhaps she is working quietly behind the scenes with WPI, and is planning to ride its coat-tails in the defense

of this case. Maybe Ms. Biss feels that the Decedent was, in fact, up to no good, and she does not know what to do about the case. In the end, there could be a variety of reasons, some good, some nefarious, for Ms. Biss' failure to participate in the case *so far*. This, however, does not require, as WPI urges, this Court to simply ignore her as a party for the purpose of a diversity analysis.

In fact, allowing the inquiry proposed by WPI invites litigation mischief. It invites a game of "possum," in which a co-defendant "plays dead" for a time, until removal to federal court succeeds. WPI attempts to engraft an "active participation" element into the diversity analysis. How much participation is "active participation"? There is no authority standing for such an analysis.

Of course, no such "active participation" test exists. The applicable holding from the decision in Orchid Quay, LLC v. Suncor Bristol Bay, LLC, 178 F. Supp. 3d 1300, 1303 (S.D. Fla. 2016), is as follows:

> Because the diversity jurisdiction statute requires complete diversity, Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806), the presence of a party who is not a citizen of any state (or a foreign state or citizen or subject thereof) destroys a court's diversity jurisdiction even when there are otherwise diverse parties on the same side of the lawsuit as the "stateless" party. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989); see also Louisiana v. Union Oil Co. of Cal., 458 F.3d 364, 365-67 (5th Cir. 2006) (holding that presence of state of Louisiana as a party destroyed complete diversity, even though Louisiana's co-plaintiff was a diverse citizen). In other words, diversity jurisdiction is properly invoked only if each party falls into one of the categories in 28 U.S.C. § 1332(a). Lee v. Am. Nat'l Ins. Co., 260 F.3d 997, 1005 (9th Cir. 2001) (citing Newman-Green, 490 U.S. at 829).
> \* \* \*
> Orchid next argues that diversity jurisdiction exists because it does not share state citizenship with any of the defendants. It is true that Suncor and Malbec are citizens of Florida and New York, and Orchid is not a citizen of either of those states. Contrary to Orchid's argument, however, this fact alone is insufficient for diversity jurisdiction to exist. For diversity jurisdiction to exist in a case that meets the amount-in-controversy requirement, there are two other requirements: (1) adverse parties can not be citizens of the same state and (2) each party must also affirmatively be a citizen of a state (or be a foreign state or citizen or subject thereof). See Cameron v. Hodges, 127 U.S. 322, 324-25, 8 S. Ct. 1154, 32 L. Ed. 132 (1888) (noting distinction between allegation that plaintiff was not a citizen of the same state as

>defendant and allegation that plaintiff is a citizen of another state or alien, and holding the former to be insufficient by itself to invoke diversity jurisdiction); D.B. Zwirn, 661 F.3d at 126; see also Newman-Green, 490 U.S. at 826.

Here again, there is no suggestion in this holding that diversity analysis ***only*** applies to parties who "actively participate" in the litigation. A remand proceeding usually occurs early in most diversity cases. Whether or not a given party has yet to "lawyer up" is determinative of nothing.

>B.   Ms. Biss is *not* a "nominal" party to this case, such that the Court cannot disregard her for purposes of a diversity analysis.

WPI next argues that, "[s]hould the Court accept the Report's recommendation and consider Ms. Biss to be a 'stateless' United States Citizen for the purpose of diversity jurisdiction, the Court should still deny remand." How does WPI reach this conclusion? The Plaintiff is seeking specific relief against Biss that it cannot obtain from WPI. Specifically the Plaintiff is seeking Biss' life estate in the real property. Biss is a very indispensable party in this regard. Plaintiff cannot be afforded complete relief without Biss.

The court in Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, etc., 427 F.2d 325 (U.S. App, 1970) held that: "The ultimate test of whether a defendant is indispensable party is whether in the absence of the defendant, the court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff. The question of whether or not a named defendant is a nominal party depends on the facts in each case." The test of whether or not a named defendant is a nominal party is if "his role in the law suit is that of a depositary or stakeholder..." See Colman v. Shimer, 163 F. Supp. 347 (W.D. Mich. 1958). WPI's attempts to label Biss as a nominal party should be rejected by this Court.

**IV.     Conclusion.**

For the foregoing reasons, the Plaintiff respectfully requests that this Court approve the Recommendation of the Magistrate.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via E-mail to Noel R. Boeke, Esq., Holland & Knight, LLP, 100 N. Tampa Street, Suite 4100, Tampa, FL 33602 and Lee P. Teichner, Esq., Holland & Knight, LLP, 701 Brickell Avenue, Miami, FL 33131 noel.boeke@hklaw.com, and Roberto M. Braceras, Jennifer L. Chunias, Samuel J. Gamer and Joshua J. Bone, Goodwin Procter, LLP, 100 Northern Avenue, Boston, Massachusetts Rbraceras@goodwinlaw.com    Jchunias@goodwinlaw.com    Sgamer@goodwinlaw.com Jbone@goodwinlaw.com and has been electronically filed with the Clerk of Courts using the ECF system which will send an E-mail to all counsel of record this 26th day of August, 2019.

    /s/ W. Andrew Clayton, Jr.
W. ANDREW CLAYTON, JR., ESQ.
Florida Bar No.  0739464
ICARD, MERRILL, CULLIS, TIMM
FUREN & GINSBURG, P.A.
2033 Main Street, Suite 600
Sarasota, FL 34237
Telephone: (941) 366-8100
Facsimile:  (941) 366-5263
Email: Dclayton@IcardMerrill.com
Email: Jwaskom@IcardMerrill.com
Secondary Email: Jdreznin@IcardMerrill.com